SLOAN *v.* THE STATE.

Information for riot. The defendants were separately tried. The one first tried, offered the others as witnesses. The Court rejected them. *Held,* that this was error.

If a person at some distance when a riot is done, come up immediately afterwards and do violence upon the same object, he is not guilty of a riot.

APPEAL from the *Henry* Court of Common Pleas.

DAVISON, J.—This was an information against *Patrick, George* and *Albert Sloan*, charging them with having committed a riot, by acting in a violent and tumultuous manner towards one *Shields. Patrick Sloan,* the appellant, was separately tried and convicted. Upon his trial, he offered *George* and *Albert,* who had not been convicted, as witnesses. Their admission was resisted, and the Court excluded them, on the ground of incompetency.

The question involved in this ruling, is settled in *Everett* v. *The State,* 6 Ind R. 495. The proposed witnesses were competent, and it was error to exclude their testimony. 2 R. S. p. 80, s. 238.

The evidence being closed, the Court instructed, *inter alia,* as follows: "If, after the fight between *Shields* and the boys, *George* and *Albert Sloan,* was concluded, and while their blood was still hot with the controversy, the defendant, who, during the fight, was 30 rods distant, came up and beat him, *Shields,* in a violent and tumultuous manner, he would be guilty of a riot, and the jury should find accordingly."

Nov. Term,
1857.

The statute defines the offense thus: "If three or more persons do an act in a violent and tumultuous manner, they shall be deemed guilty of riot," &c.  2 R. S. p. 425. Tested by this definition, the instruction is evidently wrong, because it assumes that the defendant was guilty under the charge in the information, though the act of violence alleged against him had been committed by himself alone, without the concurrence of *George* and *Albert*. The mere fact that their blood was, in the language of the instruction, "still hot with the controversy" in which they had been engaged, would not, in any degree, connect them with the violent and tumultuous conduct of the defendant.

*Per Curiam.*—The judgment is reversed.

*W. Grose*, for the appellant.

*J. Brown*, for the state.